EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/01/2016
CT Log Number 528923640

**TO:**   Jeannie Henry
The Hertz Corporation
8501 Williams Rd
Estero, FL 33928-3325

**RE:**   **Process Served in California**

**FOR:**   DTG Operations, Inc.  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHELLE BENDON, et al., Pltfs. vs. DTG Operations, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Certificate(s), Notice(s), Order(s) |
| **COURT/AGENCY:** | Riverside County - Superior Court, CA<br>Case # RIC1601865 |
| **NATURE OF ACTION:** | UNFAIR COMPETITION IN VIOLATION - FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/01/2016 at 08:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Norman B. Blumenthal<br>BLUMENTHAL, NORDREHAUG & BHOWMIK<br>2255 Calle Clara<br>La Jolla, CA 92037<br>(858)551-1223 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/01/2016, Expected Purge Date: 04/06/2016<br><br>Image SOP<br><br>Email Notification,  Jeannie Henry  jeannie.henry@hertz.com<br><br>Email Notification,  Sierra Mills  smills@hertz.com<br><br>Email Notification,  Laura Zepp  lzepp@hertz.com<br><br>Email Notification,  Carolyn Fry  cfry@hertz.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
04/01/2016
CT Log Number 528923640

**TO:** Jeannie Henry
The Hertz Corporation
8501 Williams Rd
Estero, FL 33928-3325

**RE:** **Process Served in California**

**FOR:** DTG Operations, Inc.  (Domestic State: OK)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Complaint | By Certified Mail on 02/29/2016 at 15:19 postmarked: "Not Post Marked" | Jeannie Henry<br>The Hertz Corporation | 528736713 |

Page 2 of  2 / AH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*(handwritten: 4-1-16  8:50 AM)*

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DTG OPERATIONS, INC., a Corporation; and Does 1 through 50,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHELLE BENDON, ROGER BERTRAND, CYNTHIA ELDER, BRYCE EVANS,
DAVID PAQUETTE, and EDWIN HERRERA, individuals on behalf of themselves and on
behalf of all persons similarly situated,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**FEB 17 2016**

M. Criel

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Riverside Historic Courthouse
4050 Main Street, Riverside, CA 92501

CASE NUMBER: RIC1601865

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal    (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

| DATE: 2/17/16 | Clerk, by M. C | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DTG OPERATIONS, INC. *a corporation*

    under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4-1-16

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | *LexisNexis® Automated California Judicial Council Forms* |

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
     Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
   La Jolla, CA 92037
4   Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5   Website: www.bamlawca.com

6   Attorneys for Plaintiffs

7

8

9

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **IN AND FOR THE COUNTY OF RIVERSIDE**

12

13   MICHELLE BENDON, ROGER     Case No. *RIC 1601865*

14   BERTRAND, CYNTHIA ELDER,
   BRYCE EVANS, DAVID PAQUETTE,   **CLASS ACTION COMPLAINT FOR:**
15   and EDWIN HERRERA, individuals on
   behalf of themselves and on behalf of all   1. UNFAIR COMPETITION IN
16   persons similarly situated,     VIOLATION OF CAL. BUS. & PROF.
                CODE §§ 17200, *et seq.*;
17
        Plaintiffs,       2. FAILURE TO PROVIDE
18                 ACCURATE ITEMIZED STATEMENTS
  vs.               IN VIOLATION OF CAL. LAB. CODE §
19                 226; and,
  DTG OPERATIONS, INC., a
20   Corporation; and Does 1 through 50,   3. FAILURE TO TIMELY PAY WAGES
   Inclusive,             WHEN DUE IN VIOLATION OF CAL.
21                 LAB. CODE § 203.

22       Defendants.      **DEMAND FOR A JURY TRIAL**

23

24

25

26

27

28

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**FEB 17 2016**

**M. Criel**

1

CLASS ACTION COMPLAINT

Plaintiffs Michelle Bendon, Roger Bertrand, Cynthia Elder, Bryce Evans, David Paquette, and Edwin Herrera ("PLAINTIFFS"), individuals on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1. Defendant DTG Operations, Inc. ("DTG" or "DEFENDANT") at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2. DTG Operations, Inc. owns and operates car rental stores. It offers reservation, sales and marketing services. The company operates its stores under the brand name Dollar and Thrifty. DTG Operations, Inc. was formerly known as Dollar Rent A Car Systems, Inc. The company was incorporated in 1965. DTG Operations, Inc. operates as a subsidiary of Dollar Thrifty Automotive Group Inc.

3. Plaintiff Michelle Bendon was employed by DTG in California from October of 2014 to February of 2015 and was at all times during her employment with DTG classified as a non-exempt employee paid on an hourly basis and entitled to meal and rest periods.

4. Plaintiff Roger Bertrand was employed by DTG in California from October of 2014 to April of 2015 and was at all times during his employment with DTG classified as a non-exempt employee paid on an hourly basis and entitled to meal and rest periods.

5. Plaintiff Cynthia Elder was employed by DTG in California from April of 2012 to January of 2015 and was at all times during her employment with DTG classified as a non-exempt employee paid on an hourly basis and entitled to meal and rest periods.

6. Plaintiff Bryce Evans was employed by DTG in California from June of 2013 to December of 2014 and was at all times during his employment with DTG classified as a non-exempt employee paid on an hourly basis and entitled to meal and rest periods.

7. Plaintiff David Paquette was employed by DTG in California from February of 2015 to May of 2015 and was at all times during his employment with DTG classified as a non-

2

1  exempt employee paid on an hourly basis and entitled to meal and rest periods.

2      8.    Plaintiff Edwin Herrera was employed by DTG in California from January of

3  2015 to June of 2015 and was at all times during his employment with DTG classified as a non-

4  exempt employee paid on an hourly basis and entitled to meal and rest periods.

5      9.    PLAINTIFFS brings this Class Action on behalf of themselves and a California

6  class, defined as all individuals who are or previously were employed by DEFENDANT in

7  California classified as non-exempt employees paid on an hourly basis (the "CALIFORNIA

8  CLASS") at any time during the period beginning four (4) years prior to the filing of this

9  Complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS

10  PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS

11  Members is under five million dollars ($5,000,000.00).

12      10.    PLAINTIFFS bring this Class Action on behalf of themselves and a

13  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

14  incurred during the CALIFORNIA CLASS PERIOD caused by DTG's uniform policy and

15  practice which failed to lawfully compensate these employees for all their missed meal and rest

16  periods. DTG's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

17  business practice whereby retained and continues to retain wages due PLAINTIFFS and the

18  other members of the CALIFORNIA CLASS. PLAINTIFFS and the other members of the

19  CALIFORNIA CLASS seek an injunction enjoining such conduct by DTG in the future, relief

20  for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have

21  been economically injured by DTG's past and current unlawful conduct, and all other

22  appropriate legal and equitable relief.

23      11.    The true names and capacities, whether individual, corporate, subsidiary,

24  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently

25  unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names

26  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint

27  to allege the true names and capacities of Does 1 through 50, inclusive, when they are

28  ascertained. PLAINTIFFS are informed and believe, and based upon that information and

1  belief allege, that the Defendants named in this Complaint, including DOES 1 through 50,
2  inclusive, are responsible in some manner for one or more of the events and happenings that
3  proximately caused the injuries and damages hereinafter alleged.

4      12.    The agents, servants and/or employees of the Defendants and each of them acting
5  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
6  agent, servant and/or employee of the Defendants, and personally participated in the conduct
7  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
8  Consequently, the acts of each Defendant are legally attributable to the other Defendants and
9  all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the
10  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
11  Defendants' agents, servants and/or employees.

12
13  **THE CONDUCT**

14      13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all
15  the legally required off-duty meal and rest breaks to the PLAINTIFFS and the other
16  CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code.
17  The nature of the work performed by PLAINTIFFS and CALIFORNIA CLASS MEMBERS
18  did not prevent these employees from being relieved of all of their duties for the legally required
19  off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFFS and other
20  CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks
21  and were not fully relieved of duty for meal periods. PLAINTIFFS and other CALIFORNIA
22  CLASS Members were required to perform work as ordered by DEFENDANT for more than
23  five (5) hours during a shift without receiving a meal break as evidenced by daily time reports
24  for these employees. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore
25  forfeited meal and rest breaks without additional compensation and in accordance with
26  DEFENDANT's strict corporate policy and practice.

27      14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other
28  CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without

1    being provided ten (10) minute rest periods.  Further, these employees were denied their first

2    rest periods of at least ten (10) minutes for every shift worked of at least two (2) to four (4)

3    hours, a first and second rest period of at least ten (10) minutes for every shift worked of

4    between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10)

5    minutes for every shift worked of ten (10) hours or more.  PLAINTIFFS and other

6    CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.

7    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS

8    Members were systemically denied their proper rest periods by DEFENDANT and

9    DEFENDANT's managers.

10          15.    When DEFENDANT did not accurately record PLAINTIFFS' and other

11   CALIFORNIA CLASS Members' missed meal and rest breaks, the wage statements issued to

12   PLAINTIFFS and other CALIFORNIA CLASS Members by DEFENDANT violated California

13   law, and in particular, Labor Code Section 226(a).

14          16.    In violation of the applicable sections of the California Labor Code and the

15   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

16   a matter of company policy, practice and procedure, intentionally, knowingly and systematically

17   failed to compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS for

18   missed meal and rest periods.  This uniform policy and practice of DEFENDANT is intended

19   to purposefully avoid the payment for all time worked as required by California law which

20   allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who

21   complied with the law.   To the extent equitable tolling operates to toll claims by the

22   CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be

23   adjusted accordingly.

24          17.    By reason of this uniform conduct applicable to PLAINTIFFS and all

25   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

26   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

27   (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

28   calculate and record all missed meal and rest periods by the PLAINTIFFS and other

1 CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and

2 rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard

3 of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

4 required compensation for work performed by the members of the CALIFORNIA CLASS and

5 violated the California Labor Code and regulations promulgated thereunder as herein alleged.

6   18. Specifically as to Plaintiff Bendon, DEFENDANT failed to provide all the legally

7 required off-duty meal and rest breaks to her as required by the applicable Wage Order and

8 Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest

9 breaks in accordance with California law to Plaintiff Bendon and also failed to compensate

10 Plaintiff Bendon for her missed meal and rest breaks. The nature of the work performed by

11 Plaintiff Bendon did not prevent her from being relieved of all of her duties for the legally

12 required off-duty meal periods. Plaintiff Bendon was required to perform work as ordered by

13 DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

14 evidenced by DEFENDANT's business records. To date, DEFENDANT has yet to pay Plaintiff

15 Bendon all of her wages due to her for missed meal and rest breaks and DEFENDANT has

16 failed to pay any penalty wages owed to her under California Labor Code Section 203. The

17 amount in controversy for Plaintiff Bendon individually does not exceed the sum or value of

18 $75,000.

19   19. Specifically as to Plaintiff Bertrand, DEFENDANT failed to provide all the

20 legally required off-duty meal and rest breaks to him as required by the applicable Wage Order

21 and Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest

22 breaks in accordance with California law to Plaintiff Bertrand and also failed to compensate

23 Plaintiff Bertrand for his missed meal and rest breaks. The nature of the work performed by

24 Plaintiff Bertrand did not prevent him from being relieved of all of his duties for the legally

25 required off-duty meal periods. Plaintiff Bertrand was required to perform work as ordered by

26 DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

27 evidenced by DEFENDANT's business records. As a result of DEFENDANT not accurately

28 recording all missed meal and rest periods, the wage statements issued to Plaintiff Bertrand by

1    DEFENDANT violated California law, and in particular, Labor Code Section 226(a). To date,

2    DEFENDANT has yet to pay Plaintiff Bertrand all of his wages due to him for missed meal and

3    rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under

4    California Labor Code Section 203.   The amount in controversy for Plaintiff Bertrand

5    individually does not exceed the sum or value of $75,000.

6          20.   Specifically as to Plaintiff Elder, DEFENDANT failed to provide all the legally

7    required off-duty meal and rest breaks to her as required by the applicable Wage Order and

8    Labor Code.   DEFENDANT did not have a policy or practice which provided meal and rest

9    breaks in accordance with California law to Plaintiff Elder and also failed to compensate

10   Plaintiff Elder for her missed meal and rest breaks. The nature of the work performed by

11   Plaintiff Elder did not prevent her from being relieved of all of her duties for the legally

12   required off-duty meal periods.  Plaintiff Elder was required to perform work as ordered by

13   DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

14   evidenced by DEFENDANT's business records. To date, DEFENDANT has yet to pay Plaintiff

15   Elder all of her wages due to her for missed meal and rest breaks and DEFENDANT has failed

16   to pay any penalty wages owed to her under California Labor Code Section 203.  The amount

17   in controversy for Plaintiff Elder individually does not exceed the sum or value of $75,000.

18         21.   Specifically as to Plaintiff Evans, DEFENDANT failed to provide all the legally

19   required off-duty meal and rest breaks to him as required by the applicable Wage Order and

20   Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest

21   breaks in accordance with California law to Plaintiff Evans and also failed to compensate

22   Plaintiff Evans for his missed meal and rest breaks. The nature of the work performed by

23   Plaintiff Evans did not prevent him from being relieved of all of his duties for the legally

24   required off-duty meal periods.  Plaintiff Evans was required to perform work as ordered by

25   DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

26   evidenced by DEFENDANT's business records. To date, DEFENDANT has yet to pay Plaintiff

27   Evans all of his wages due to him for missed meal and rest breaks and DEFENDANT has failed

28   to pay any penalty wages owed to him under California Labor Code Section 203.  The amount

1  in controversy for Plaintiff Evans individually does not exceed the sum or value of $75,000.

2  22.  Specifically as to Plaintiff Paquette, DEFENDANT failed to provide all the

3  legally required off-duty meal and rest breaks to him as required by the applicable Wage Order

4  and Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest

5  breaks in accordance with California law to Plaintiff Paquette and also failed to compensate

6  Plaintiff Paquette for his missed meal and rest breaks. The nature of the work performed by

7  Plaintiff Paquette did not prevent him from being relieved of all of his duties for the legally

8  required off-duty meal periods. Plaintiff Paquette was required to perform work as ordered by

9  DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

10  evidenced by DEFENDANT's business records. As a result of DEFENDANT not accurately

11  recording all missed meal and rest periods, the wage statements issued to Plaintiff Paquette by

12  DEFENDANT violated California law, and in particular, Labor Code Section 226(a). To date,

13  DEFENDANT has yet to pay Plaintiff Paquette all of his wages due to him for missed meal and

14  rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under

15  California Labor Code Section 203.  The amount in controversy for Plaintiff Paquette

16  individually does not exceed the sum or value of $75,000.

17  23.  Specifically as to Plaintiff Herrera, DEFENDANT failed to provide all the legally

18  required off-duty meal and rest breaks to him as required by the applicable Wage Order and

19  Labor Code. DEFENDANT did not have a policy or practice which provided meal and rest

20  breaks in accordance with California law to Plaintiff Herrera and also failed to compensate

21  Plaintiff Herrera for his missed meal and rest breaks. The nature of the work performed by

22  Plaintiff Herrera did not prevent him from being relieved of all of his duties for the legally

23  required off-duty meal periods. Plaintiff Herrera was required to perform work as ordered by

24  DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

25  evidenced by DEFENDANT's business records. As a result of DEFENDANT not accurately

26  recording all missed meal and rest periods, the wage statements issued to Plaintiff Herrera by

27  DEFENDANT violated California law, and in particular, Labor Code Section 226(a). To date,

28  DEFENDANT has yet to pay Plaintiff Herrera all of his wages due to him for missed meal and

8

1   rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under

2   California Labor Code Section 203.  The amount in controversy for Plaintiff Herrera

3   individually does not exceed the sum or value of $75,000.

4

5   ### JURISDICTION AND VENUE

6       24.    This Court has jurisdiction over this Action pursuant to California Code of

7   Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

8   This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated

9   employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

10       25.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

11   Sections 395 and 395.5, because PLAINTIFFS worked in Riverside County for DEFENDANT

12   and DEFENDANT (i) currently maintains and at all relevant times maintained offices and

13   facilities in this County and/or conducts substantial business in this County, and (ii) committed

14   the wrongful conduct herein alleged in this County against members of the CALIFORNIA

15   CLASS and CALIFORNIA LABOR SUB-CLASS.

16

17   ### THE CALIFORNIA CLASS

18       26.    PLAINTIFFS brings the First Cause of Action for Unfair, Unlawful and

19   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL")

20   as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class,

21   defined as all individuals who are or previously were employed by DEFENDANT in California

22   classified as non-exempt employees paid on an hourly basis (the "CALIFORNIA CLASS") at

23   any time during the period beginning four (4) years prior to the filing of this Complaint and

24   ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS PERIOD"). The

25   amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five

26   million dollars ($5,000,000.00).

27       27.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

28   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

1    accordingly.

2    28.    DEFENDANT, as a matter of company policy, practice and procedure, and in

3 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

4 requirements, and the applicable provisions of California law, intentionally, knowingly, and

5 wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly record

6 missed meal and rest breaks by PLAINTIFFS and the other members of the CALIFORNIA

7 CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to

8 perform this work and permitted or suffered to permit this work.

9    29.    DEFENDANT has the legal burden to establish that each and every

10 CALIFORNIA CLASS Member was paid the correct wages for all time worked. The

11 DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

12 have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

13 or practice to ensure that each and every CALIFORNIA CLASS Member is paid for all missed

14 meal and rest breaks, so as to satisfy their burden. This common business practice applicable

15 to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as

16 unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.*

17 (the "UCL") as causation, damages, and reliance are not elements of this claim.

18    30.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

19 any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

20 employee for all missed meal breaks, as required by California Labor Code.

21    31.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

22 CLASS Members is impracticable.

23    32.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

24 California law by:

25          (a)    Committing an act of unfair competition in violation of the California

26                Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

27                failing to provide the PLAINTIFFS and the other members of the

28                CALIFORNIA CLASS with all legally required uninterrupted meal breaks

1          and rest breaks.

2      33.    This Class Action meets the statutory prerequisites for the maintenance of a

3  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

4          (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

5                 that the joinder of all such persons is impracticable and the disposition of

6                 their claims as a class will benefit the parties and the Court;

7          (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

8                 that are raised in this Complaint are common to the CALIFORNIA

9                 CLASS will apply uniformly to every member of the CALIFORNIA

10                 CLASS;

11          (c)    The claims of the representative PLAINTIFFS are typical of the claims of

12                 each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the

13                 other members of the CALIFORNIA CLASS, were non-exempt

14                 employees paid on an hourly basis who were subjected to the

15                 DEFENDANT's deceptive practice and policy which failed to provide the

16                 legally required meal and rest periods to the CALIFORNIA CLASS and

17                 thereby systematically underpaid compensation to PLAINTIFFS and

18                 CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a

19                 result of DEFENDANT's employment practices. PLAINTIFFS and the

20                 members of the CALIFORNIA CLASS were and are similarly or

21                 identically harmed by the same unlawful, deceptive, unfair and pervasive

22                 pattern of misconduct engaged in by DEFENDANT; and,

23          (d)    The representative PLAINTIFFS will fairly and adequately represent and

24                 protect the interest of the CALIFORNIA CLASS, and has retained

25                 counsel who are competent and experienced in Class Action litigation.

26                 There are no material conflicts between the claims of the representative

27                 PLAINTIFFS and the members of the CALIFORNIA CLASS that would

28                 make class certification inappropriate. Counsel for the CALIFORNIA

1    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

2    Members.

3    34.    In addition to meeting the statutory prerequisites to a Class Action, this action

4    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

5    (a)    Without class certification and determination of declaratory, injunctive,

6    statutory and other legal questions within the class format, prosecution of

7    separate actions by individual members of the CALIFORNIA CLASS will

8    create the risk of:

9    1)    Inconsistent or varying adjudications with respect to individual

10    members of the CALIFORNIA CLASS which would establish

11    incompatible standards of conduct for the parties opposing the

12    CALIFORNIA CLASS; and/or,

13    2)    Adjudication with respect to individual members of the

14    CALIFORNIA CLASS which would as a practical matter be

15    dispositive of interests of the other members not party to the

16    adjudication or substantially impair or impede their ability to

17    protect their interests.

18    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

19    act on grounds generally applicable to the CALIFORNIA CLASS, making

20    appropriate class-wide relief with respect to the CALIFORNIA CLASS

21    as a whole in that DEFENDANT uniformly failed to pay all wages due to

22    members of the CALIFORNIA CLASS as required by law;

23    1)    With respect to the First Cause of Action, the final relief on behalf

24    of the CALIFORNIA CLASS sought does not relate exclusively to

25    restitution because through this claim PLAINTIFFS seeks

26    declaratory relief holding that the DEFENDANT's policy and

27    practices constitute unfair competition, along with declaratory

28    relief, injunctive relief, and incidental equitable relief as may be

12

1     necessary to prevent and remedy the conduct declared to constitute

2     unfair competition;

3     (c)   Common questions of law and fact exist as to the members of the

4           CALIFORNIA CLASS, with respect to the practices and violations of

5           California law as listed above, and predominate over any question

6           affecting only individual CALIFORNIA CLASS Members, and a Class

7           Action is superior to other available methods for the fair and efficient

8           adjudication of the controversy, including consideration of:

9     1)    The interests of the members of the CALIFORNIA CLASS in

10          individually controlling the prosecution or defense of separate

11          actions in that the substantial expense of individual actions will be

12          avoided to recover the relatively small amount of economic losses

13          sustained by the individual CALIFORNIA CLASS Members when

14          compared to the substantial expense and burden of individual

15          prosecution of this litigation;

16    2)    Class certification will obviate the need for unduly duplicative

17          litigation that would create the risk of:

18          A.    Inconsistent or varying adjudications with respect to

19                individual members of the CALIFORNIA CLASS, which

20                would establish incompatible standards of conduct for the

21                DEFENDANT; and/or,

22          B.    Adjudications with respect to individual members of the

23                CALIFORNIA CLASS would as a practical matter be

24                dispositive of the interests of the other members not parties

25                to the adjudication or substantially impair or impede their

26                ability to protect their interests;

27    3)    In the context of wage litigation because a substantial number of

28          individual CALIFORNIA CLASS Members will avoid asserting

13

1    their legal rights out of fear of retaliation by DEFENDANT, which

2    may adversely affect an individual's job with DEFENDANT or

3    with a subsequent employer, the Class Action is the only means to

4    assert their claims through a representative; and,

5    4)    A class action is superior to other available methods for the fair

6    and efficient adjudication of this litigation because class treatment

7    will obviate the need for unduly and unnecessary duplicative

8    litigation that is likely to result in the absence of certification of

9    this action pursuant to Cal. Code of Civ. Proc. § 382.

10    35.    This Court should permit this action to be maintained as a Class Action

11    pursuant to Cal. Code of Civ. Proc. § 382 because:

12    (a)    The questions of law and fact common to the CALIFORNIA CLASS

13    predominate over any question affecting only individual CALIFORNIA

14    CLASS Members because the DEFENDANT's employment practices are

15    uniform and systematically applied with respect to the CALIFORNIA

16    CLASS;

17    (b)    A Class Action is superior to any other available method for the fair and

18    efficient adjudication of the claims of the members of the CALIFORNIA

19    CLASS because in the context of employment litigation a substantial

20    number of individual CALIFORNIA CLASS Members will avoid

21    asserting their rights individually out of fear of retaliation or adverse

22    impact on their employment;

23    (c)    The members of the CALIFORNIA CLASS are so numerous that it is

24    impractical to bring all members of the CALIFORNIA CLASS before the

25    Court;

26    (d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be

27    able to obtain effective and economic legal redress unless the action is

28

1          maintained as a Class Action;

2     (e)    There is a community of interest in obtaining appropriate legal and
3            equitable relief for the acts of unfair competition, statutory violations and
4            other improprieties, and in obtaining adequate compensation for the
5            damages and injuries which DEFENDANT's actions have inflicted upon
6            the CALIFORNIA CLASS;

7     (f)    There is a community of interest in ensuring that the combined assets of
8            DEFENDANT are sufficient to adequately compensate the members of
9            the CALIFORNIA CLASS for the injuries sustained;

10    (g)    DEFENDANT has acted or refused to act on grounds generally applicable
11           to the CALIFORNIA CLASS, thereby making final class-wide relief
12           appropriate with respect to the CALIFORNIA CLASS as a whole;

13    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from
14           the business records of DEFENDANT.  The CALIFORNIA CLASS
15           consists of all individuals who are or previously were employed by
16           DEFENDANT in California classified as non-exempt employees paid on
17           an hourly basis at any time during the CALIFORNIA CLASS PERIOD;
18           and,

19    (i)    Class treatment provides manageable judicial treatment calculated to bring
20           a efficient and rapid conclusion to all litigation of all wage and hour
21           related claims arising out of the conduct of DEFENDANT as to the
22           members of the CALIFORNIA CLASS.

23    36.    DEFENDANT maintains records from which the Court can ascertain and
24    identify by job title each of DEFENDANT's employees who as have been systematically,
25    intentionally and uniformly subjected to DEFENDANT's company policy, practices and
26    procedures as herein alleged.  PLAINTIFFS will seek leave to amend the Complaint to include
27    any additional job titles of similarly situated employees when they have been identified.

28

## THE CALIFORNIA LABOR SUB-CLASS

37.   PLAINTIFFS further bring the Second and Third Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

38.   DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.   DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

16

41.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)     Whether DEFENDANT's conduct was willful.

42.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee; and,

(b)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

43.     This Class Action meets the statutory prerequisites for the maintenance of a Class

17

Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

    (c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS for all time worked. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

    (d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

44.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including

19

consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment

20

| | | |
|---|---|---|
| 1 | | will obviate the need for unduly and unnecessary duplicative |
| 2 | | litigation that is likely to result in the absence of certification of |
| 3 | | this action pursuant to Cal. Code of Civ. Proc. § 382. |
| 4 | 45. | This Court should permit this action to be maintained as a Class Action |
| 5 | pursuant to Cal. Code of Civ. Proc. § 382 because: | |
| 6 | (a) | The questions of law and fact common to the CALIFORNIA LABOR |
| 7 | | SUB-CLASS predominate over any question affecting only individual |
| 8 | | CALIFORNIA LABOR SUB-CLASS Members; |
| 9 | (b) | A Class Action is superior to any other available method for the fair and |
| 10 | | efficient adjudication of the claims of the members of the CALIFORNIA |
| 11 | | LABOR SUB-CLASS because in the context of employment litigation a |
| 12 | | substantial number of individual CALIFORNIA LABOR SUB-CLASS |
| 13 | | Members will avoid asserting their rights individually out of fear of |
| 14 | | retaliation or adverse impact on their employment; |
| 15 | (c) | The members of the CALIFORNIA LABOR SUB-CLASS are so |
| 16 | | numerous that it is impractical to bring all members of the CALIFORNIA |
| 17 | | LABOR SUB-CLASS before the Court; |
| 18 | (d) | PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS |
| 19 | | Members, will not be able to obtain effective and economic legal redress |
| 20 | | unless the action is maintained as a Class Action; |
| 21 | (e) | There is a community of interest in obtaining appropriate legal and |
| 22 | | equitable relief for the acts of unfair competition, statutory violations and |
| 23 | | other improprieties, and in obtaining adequate compensation for the |
| 24 | | damages and injuries which DEFENDANT's actions have inflicted upon |
| 25 | | the CALIFORNIA LABOR SUB-CLASS; |
| 26 | (f) | There is a community of interest in ensuring that the combined assets of |
| 27 | | DEFENDANT are sufficient to adequately compensate the members of |
| 28 | | the CALIFORNIA LABOR SUB-CLASS for the injuries sustained; |

21

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

46.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 45 of this Complaint.

47.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

48.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.   Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair

22

competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

49.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226.7 & 512 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

50.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

51.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, et seq., and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

52.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and

23

CLASS ACTION COMPLAINT

1   the other members of the CALIFORNIA CLASS to be underpaid during their employment with

2   DEFENDANT.

3       53.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4   unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

5   to provide all legally required meal breaks to PLAINTIFFS and the other members of the

6   CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

7       54.   Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of

8   each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-

9   duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour

10  of pay for each workday in which a second off-duty meal period was not timely provided for

11  each ten (10) hours of work.

12      55.   PLAINTIFFS further demand on behalf of themselves and each member of the

13  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest

14  period was timely provided as required by law.

15      56.   By and through the unlawful and unfair business practices described herein,

16  DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

17  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

18  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

19  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

20  to unfairly compete against competitors who comply with the law.

21      57.   All the acts described herein as violations of, among other things, the Industrial

22  Welfare Commission Wage Orders, the California Code of Regulations, and the California

23  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

24  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

25  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

26      58.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

27  to, and do, seek such relief as may be necessary to restore to them the money and property

28  which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

24

1   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

2   unfair business practices, including earned but unpaid wages for all time worked.

3       59.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

4   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

5   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

6   engaging in any unlawful and unfair business practices in the future.

7       60.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

8   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

9   of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

10  As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

11  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

12  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

13  engage in these unlawful and unfair business practices.

14

15                      **SECOND CAUSE OF ACTION**

16              **For Failure to Provide Accurate Itemized Statements**

17                         **[Cal. Lab. Code § 226]**

18       **(By Plaintiff Bertrand and Plaintiff Evans and the CALIFORNIA LABOR SUB-**

19                   **CLASS and Against All Defendants)**

20      61.    Plaintiff Bertrand and Plaintiff Evans, and the other members of the

21  CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though

22  fully set forth herein, paragraphs 1 through 60 of this Complaint.

23      62.    Cal. Labor Code § 226 provides that an employer must furnish employees with

24  an "accurate itemized" statement in writing showing:

25      (1) gross wages earned,

26      (2) total hours worked by the employee, except for any employee whose compensation

27      is solely based on a salary and who is exempt from payment of overtime under

28      subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

                                   25

1    Commission,

2    (3) the number of piecerate units earned and any applicable piece rate if the employee

3    is paid on a piece-rate basis,

4    (4) all deductions, provided that all deductions made on written orders of the employee

5    may be aggregated and shown as one item,

6    (5) net wages earned,

7    (6) the inclusive dates of the period for which the employee is paid,

8    (7) the name of the employee and his or her social security number, except that by

9    January 1, 2008, only the last four digits of his or her social security number or an

10   employee identification number other than a social security number may be shown on

11   the itemized statement,

12   (8) the name and address of the legal entity that is the employer, and

13   (9) all applicable hourly rates in effect during the pay period and the corresponding

14   number of hours worked at each hourly rate by the employee.

15   63.    When DEFENDANT did not accurately record Plaintiff Bertrand's and Plaintiff

16   Evans' and other CALIFORNIA CLASS Members' missed meal and rest breaks,

17   DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an

18   accurate wage statement in writing that properly and accurately itemizes all missed meal periods

19   incurred by Plaintiff Bertrand and Plaintiff Evans and the other members of the CALIFORNIA

20   LABOR SUB-CLASS and thereby also failed to set forth the correct wages earned by the

21   employees.

22   64.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

23   § 226, causing injury and damages to Plaintiff Bertrand and Plaintiff Evans and the other

24   members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not

25   limited to, costs expended calculating the correct wages for all missed meal and rest breaks and

26   the amount of employment taxes which were not properly paid to state and federal tax

27   authorities. These damages are difficult to estimate. Therefore, Plaintiff Bertrand and Plaintiff

28   Evans and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover

26

1   liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

2   occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

3   pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in

4   no event more than four thousand dollars ($4,000.00) for Plaintiff Bertrand and Plaintiff Evans

5   and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

6

7                          **THIRD CAUSE OF ACTION**

8                    **For Failure to Timely Pay Wages When Due**

9                        **[ Cal. Lab. Code §§ 201, 202, 203]**

10      **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

11                                   **Defendants)**

12        65.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

13   CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

14   through 64 of this Complaint.

15        66.    Cal. Lab. Code § 200 provides, in relevant part, that:

16        As used in this article:
         (a) "Wages" includes all amounts for labor performed by employees of every
17        description, whether the amount is fixed or ascertained by the standard of
         time, task, piece, Commission basis, or other method of calculation.
18        (b) "Labor" includes labor, work, or service whether rendered or performed
         under contract, subcontract, partnership, station plan, or other agreement if
19        the labor to be paid for is performed personally by the person demanding
         payment.

20        67.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges

21   an employee, the wages earned and unpaid at the time of discharge are due and payable

22   immediately."

23        68.    Cal. Lab. Code § 202 provides, in relevant part, that:

24        If an employee not having a written contract for a definite period quits his or
25        her employment, his or her wages shall become due and payable not later
         than 72 hours thereafter, unless the employee has given 72 hours previous
26        notice of his or her intention to quit, in which case the employee is entitled
         to his or her wages at the time of quitting. Notwithstanding any other
27        provision of law, an employee who quits without providing a 72-hour notice
         shall be entitled to receive payment by mail if he or she so requests and
28        designates a mailing address. The date of the mailing shall constitute the date

                                          27
                            CLASS ACTION COMPLAINT

of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

69.   There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

70.   Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

71.   The employment of PLAINTIFFS' and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

72.   Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have missed meal and rest breaks without being paid the legally required penalties by DEFENDANT, PLAINTIFFS demand up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the

28

1            CALIFORNIA CLASS; and,

2        D)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

3                  for restitution of the sums incidental to DEFENDANT's violations due to

4                  PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

5   2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

6        A)     That the Court certify the Second and Third Causes of Action asserted by the

7                  CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of

8                  Civ. Proc. § 382;

9        B)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

10                 in which a violation occurs and one hundred dollars ($100) per each member of

11                 the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

12                 period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

13                 an award of costs for violation of Cal. Lab. Code § 226; and,

14        C)     The wages of all terminated employees in the CALIFORNIA LABOR

15                 SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

16                 until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

17   3.     On all claims:

18        A)     An award of interest, including prejudgment interest at the legal rate;

19        B)     Such other and further relief as the Court deems just and equitable; and,

20        C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

21                 law, including, but not limited to, pursuant to Labor Code §218.5, §226, and/or

22                 §1194.

23  Dated:   February 11, 2016           BLUMENTHAL, NORDREHAUG & BHOWMIK

24

25

26                        By: _____
                              Norman B. Blumenthal
                              Attorneys for Plaintiffs

27

28

## DEMAND FOR A JURY TRIAL

PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated:   February 11, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
          Norman B. Blumenthal
          Attorneys for Plaintiffs

K:\D\Dropbox\Pending Litigation\Hertz - Elder\p-Complaint-FINAL.wpd

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal    (Bar # 68687)<br>Kyle Nordrehaug    (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiffs Bendon, Bertrand, Elder, Evans, Paquette, and Herrera | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
### BENDON, et al. v. DTG OPERATIONS, INC.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>Ric 1601865<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* THREE (3)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2016

Norman Blumenthal
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 135 N. Alessandro Rd., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

**RI-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address): | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal (Bar # 68687)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, California 92037<br><br>TELEPHONE NO: (858) 551-1223   FAX NO. (Optional): (858) 551-1232<br>E-MAIL ADDRESS (Optional): norm@bamlawca.com<br>ATTORNEY FOR (Name): Plaintiffs Bendon, Bertrand, Elder, Evans, Paquette, and Herrera | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>**FEB 17 2016**<br><br>M. Criel |
| PLAINTIFF/PETITIONER: MICHELLE BENDON, et al. | |
| DEFENDANT/RESPONDENT: DTG OPERATIONS, INC., et. al. | CASE NUMBER:<br>RIC 1601865 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   <u>92262 and is designated complex</u>

☐   The action concerns real property located in the zip code of:   _____

☒   The Defendant resides in the zip code of:   <u>92262 and is designated complex</u>

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   <u>2/11/16</u>

<u>Norman B. Blumenthal</u>
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►   _____ (SIGNATURE)

| | | |
|---|---|---|
| Approved for Mandatory Use<br>Riverside Superior Court<br>RI-030 [Rev. 08/15/13] | **CERTIFICATE OF COUNSEL** | Local Rule 1.0015<br>riverside.courts.ca.gov/localforms/localforms.shtml<br>*LexisNexis® Automated California County Forms* |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

### NOTICE OF ASSIGNMENT TO DEPARTMENT
### AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

BENDON VS DTG OPERATION

CASE NO. RIC1601865

This case is assigned to the Honorable Judge Craig G. Riemer in Department 05 for all purposes.

The Case Management Conference is scheduled for 04/20/16 at 8:30 in Department 05.

Department 5 is located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____

MELINDA E CRIEL, Deputy Clerk

Date: 02/17/16

ccadcc
12/11/14

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

MICHELLE BENDON

    vs.                            CASE NO. RIC1601865

DTG OPERATIONS INC


TO:    BLUMENTHAL NORDREHAUG & BHOWMIK
       2255 CALLE CLARA
       LA JOLLA CA 92037


I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such
correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the attached
Judge Craig G. Riemer on this date, by
depositing said copy as stated above.

                              Court Executive Officer/Clerk

Dated: 02/23/16             by:   _____

                         RACHELLE R GONZALEZ, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE: Bendon v. DTG Operations, Inc. | Department 5 | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE |
|---|---|---|
| CASE NO.:       RIC1601865 | | FEB 23 2016 |
| DATE:            February 22, 2016 | | R. Gonzalez |
| PROCEEDING:  Class Action Case Management Order | | |

Unless and until ordered otherwise, this Case Management Order (CMO) shall govern the management of this case.

A.    CASE MANAGEMENT

1.    The Court finds that this is a complex case. (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).) The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.    This case has been assigned to Department 5 for all purposes, including case management, law and motion, and trial.

3.    The plaintiff shall serve a copy of this CMO on any defendants who have not yet appeared, and shall file proof of service promptly thereafter.

4.    Any party who has appeared in the action at the time this CMO is entered has 15 days from the service of the CMO in which to object to the CMO. Any party appearing after the entry of the CMO shall have 15 days from that initial appearance in which to object to the CMO. Any such objections shall be in writing and shall be presented to the Court in the form of a noticed motion to amend the CMO. Any party that fails to file such a motion within those 15 days forfeits its objections to the CMO.

5.    If the Court issues an order to show cause why the Court should not take some specified action:

   a.    The party to whom the OSC is directed shall respond with a written declaration filed five days before the hearing on the OSC. (Cal. Rules of Court, rule 3.110(i); RSC Local Rule 3116.) The Court may deem the failure to file a timely declaration, by itself, to constitute an admission by the responding party that good cause to avoid the threatened sanction or other action does not exist. (RSC Local Rule 3116.)

   b.    If the order to show cause threatens the imposition of monetary or other sanctions for the violation of a court order or rule, then counsel for the party to whom the OSC is directed must not only file a timely declaration, but must also personally appear in court at the date set for the return of the OSC. (Cal. Rules of Court, rule 3.670(e)(2)(A).)

1

6.     Not later than five court days in advance of the first Case Management Conference after all parties have appeared, the parties shall file the joint statement required by RSC Local Rule 3160 instead of Judicial Council form CM-110 [case management statement].

7.     Not later than five court days before any subsequent Case Management Conference or status conference, the parties shall file a joint statement that:

      a.     Describes the status of the case, including the parties' discovery plan, the degree to which that plan has been implemented, and mediation efforts; and

      b.     Identifies any issues or concerns that either party wishes to discuss with the Court.

8.     Because the Court intends to conduct portions of the Case Management Conference and status conferences informally, in chambers, the lead counsel shall personally appear. Appearance via Court Call is not permitted.

B.     SERVICE AND RESPONSIVE PLEADINGS

1.     All defendants and cross-defendants named at the time of the filing of this CMO shall be served, and proofs of service filed, within 60 days of the filing of the CMO.

2.     Any defendant or cross-defendant named after the filing of this CMO shall be served, and proof of service shall be filed, within 60 days of the filing of the pleading, amendment, or amended pleading naming that defendant or cross-defendant. (Modifying Cal. Rules of Court, rule 3.110(b).)

3.     The power of the plaintiff or cross-complainant to grant extensions of time in which to file responsive pleadings is subject to the limits in California Rules of Court, rule 3.110(d), except that the maximum extension by counsel is extended to 30 days.

4.     If a defendant or cross-defendant fails to file an answer or any other responsive pleading within 30 days of service, or within any extension granted by the plaintiff, the cross-complainant, or the Court, the plaintiff or cross-complainant must request entry of default not later than 30 days after the time for service of the responsive pleading has elapsed. (Modifying Cal. Rules of Court, rule 3.110(g).)

5.     The plaintiff and cross-complainants, if any, shall serve a copy of this CMO simultaneously with any summons and complaint or cross-complaint served after the date of entry of this order.

6.     The Court should not be asked to evaluate the sufficiency of a pleading until the pleader has stated his or her case or defense as strongly as possible. Therefore, if a party is considering either an amendment of a pleading or a challenge to an opponent's pleading:

      a.     The parties shall strictly comply with Code of Civil Procedure section 430.41, which requires that parties meet and confer before any demurrer is filed. Similarly, before filing any other challenge to an opponent's pleading, such as a motion to strike or a motion for judgment on the pleadings, the parties shall meet and confer to determine whether the challenge is arguably meritorious and, if so, whether the

parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect.

b.  Any party who believes that his or her pleading needs to be amended shall meet and confer with the opposing party to discuss whether the amendment is arguably necessary and whether the opposing party will stipulate to the filing of the amended pleading.  Consent to such an amendment shall not be unreasonably withheld.

c.  By "meet and confer," the Court means that counsel for the parties shall meet with each other, either by telephone or in person, to discuss any arguable defects in the pleadings, and whether those potential defects can be resolved or diminished by amendment.  Merely sending a letter or email to opposing counsel does not constitute a meeting, and thus does not comply with this order. Counsel for the moving or demurring party must follow up on any such written communication with an oral request either by telephone or in person.

d.  Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts and establishing that such a stipulation to amend was sought without success.

e.  In the absence of evidence of such an effort to meet and confer, the Court may overrule the demurrer, deny the motion, or continue the hearing until such an effort has been made.

## C.  REQUESTS FOR DISMISSAL OF CLASS CLAIMS

If the plaintiff seeks to dismiss the entire action, any defendant in the action, or the class allegations in the action:

1.  Because any such dismissal requires court approval, the request shall be made by the submission to the court of both (a) a declaration from plaintiff's counsel and from each named plaintiff and (b) a proposed order of dismissal.  Counsel shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110.

2.  The declarations must comply with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal.  Because the purpose of the requirement is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

3.  Because the Court must also decide whether notice should be given to actual or potential class members (Cal. Rules of Court, rule 3.770(c)), the declarations shall also state (a) whether any notice – whether formal or informal, written or oral – of the existence of the action has been given to any of the potential class members by either the plaintiff or plaintiff's counsel, and (b) if so, the nature and extent of that notice.

4.  Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

5. If the dismissal is in exchange for any consideration, the application shall explain each of the following:

    a. What is the form and value of the consideration, and to whom is it to be paid?

    b. If the consideration is in the form of one or more monetary payments, how were the payments calculated?

    c. How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class?

    d. If the plaintiff is to give a release in addition to a dismissal, what is the scope of that release?

## D. DISCOVERY

1. Counsel are encouraged to engage in informal discovery rather than relying on formal discovery.

2. All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) is stayed until a motion regarding class certification has been filed and decided.

3. Unless the parties agree otherwise, all formal discovery concerning class-certification issues is stayed pending further order of the court.

4. Requests for leave to propound formal discovery concerning class-certification issues may be made at status conferences or informal conferences with the Court, in accordance with paragraph 5 below. However, before the Court will permit a party to propound any such formal discovery, that party must demonstrate:

    a. That the parties met and conferred to discuss both (i) the scope and sources of the information needed to support or oppose a class-certification motion and (ii) whether the parties would agree to exchange that information informally;

    b. That the parties were unable to reach an agreement; and

    c. The discovery is reasonably necessary either (i) to permit a meaningful mediation or (ii) to make or oppose a certification motion.

5. No discovery motions may be filed without leave of court. If a discovery dispute arises, the parties shall meet and confer either in person or by telephone in a good-faith effort to resolve the dispute. If, despite that effort, the parties are unable to resolve the dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion. The conference may be conducted by telephone or in person, as counsel prefer. If the opposing side will not agree to participate in the informal conference, then the moving party shall bring an ex parte application for leave to file a discovery motion.

E.    MEDIATION AND CLASS CERTIFICATION

1.    The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained, through informal means, sufficient information from the opposing party(s) to enable them to engage in meaningful mediation.

2.    No motion for class certification or to deny class certification shall be filed without leave of court. Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

F.    MOTIONS & APPLICATIONS GENERALLY

1.    A party making an ex parte application must, inter alia, "[a]ttempt to determine whether the opposing party will appear to oppose the application." (Cal. Rules of Court, rule 3.1204(a)(2).) That attempt shall be made by telephone. Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2.    A party desiring an order shortening time for notice of a motion shall not bring an ex parte application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion. The Court will not deem the ex parte application as constituting the motion to be heard.

3.    Any request for relief from a forfeiture of the right to a jury trial must be brought in the form of a noticed motion to be heard not later than the Trial Readiness Conference, or if no TRC is set, then not later than 21 days before the date first set for trial.

4.    Any party who obtains an order as a result of any motion, application, stipulation or recommendation filed by that party shall promptly (a) serve a copy of that order on all parties and (b) file a proof of that service with the Court.

5.    Any motion or application for relief shall describe any prior motion or application in this case for the same or similar relief, including the name of the party who brought the prior motion or application, the date of the ruling on that motion or application, and the nature of that ruling.

G.    MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled and a motion for preliminary approval of the settlement is filed:

In General

1.    The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

    a.    Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded if the action were successful at trial on all of its claims.

5

   b. Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks.

   c. Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved. If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

2. If the settlement provides that any unclaimed or otherwise unpaid residue of the settlement proceeds are to be distributed to a proposed cy pres recipient:

   a. The motion shall explain why a cy pres recipient is reasonably necessary.

   b. The motion shall describe any relationship between the proposed cy pres recipient and (i) any class representative or other party, (ii) any officer, director, or manager of any party, or (iii) any attorney or lawfirm for any party.

   c. The motion shall be supported by a declaration from a knowledgeable person from the proposed cy pres recipient establishing that the recipient is either (i) a nonprofit organization or foundation that supports projects that will benefit the class or similarly situated persons, or that promotes the law consistent with the objectives and purposes of the underlying cause of action, (ii) a child advocacy program, or (iii) a nonprofit organizations providing civil legal services to the indigent. (See Code Civ. Proc., § 384, subd. (b).) In particular, that declaration shall describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

   d. In the Court's view, Code of Civil Procedure section 384, subdivision (b), lists the possible recipients of unpaid residue in a descending order of preference. If the cy pres recipient proposed by the parties is one involved in child advocacy or that provides civil legal services to the indigent, the motion shall include a declaration explaining why the parties did not propose an organization that will either "benefit the class or similarly situated persons, or . . . promote the law consistent with the objectives and purposes of the underlying cause of action."

3. The motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members.

4. If the settlement requires the class members to submit claims, the motion shall explain why a claim process is reasonably necessary. If the defendant knows (a) the identity of the class members, (b) their addresses or former addresses, and (c) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

5. Any release to be given by the participating class members (other than the class representatives) shall be limited to:

a.   The defendants named in the complaint, together with their officers, directors, employees and agents. If any other parties are sought to be released, the motion shall both (i) identify those other parties by name and (ii) explain the facts that justify their inclusion.

b.   The claims stated in the complaint and those based on the facts alleged in the complaint.

6.   If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by a declaration describing the administrator's competence, the fee to be charged by the administrator, and whether that fee is fixed or hourly.

7.   The settlement agreement shall describe how the value of any uncashed checks will be distributed.

8.   If the settlement includes compensation for unpaid wages, the settlement agreement shall describe how the employer's share of any applicable payroll taxes will be handled. The Court suggests that the employer's share not be paid out of the gross settlement fund. The Court is not likely to include the amount of those payments when calculating the plaintiff's counsel's percentage attorney's fee.

9.   The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form, and any claim form – shall be drafted in a manner that is likely to be readily understood by the members of the class. To assist the Court in determining whether those documents comply with that directive, the motion shall include evidence concerning the likely age, education, and experience of the class members, and of their ability to read and comprehend English.

The Order

10.   The proposed order shall include, as attachments to the order, the proposed notice, proposed exclusion form, proposed objection form, and any proposed claim form. The Court is likely to modify those proposed forms. Therefore, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement. The settlement agreement must be filed, but should not also be attached to the proposed order.

11.   Counsel shall carefully review both the terms and the terminology of the proposed order and accompanying forms (proposed notice, objection form, exclusion form, and claim form, if any) to confirm that the various documents are consistent with each other and with the settlement agreement.

12.   The proposed order shall provide that the notice shall be accompanied by an objection form that bears the case caption or that otherwise prominently states the case name and case number. If those forms are to be submitted to the administrator rather than the court, then the order shall require the administrator to submit any timely objections to the court by a declaration filed concurrently with the plaintiffs' motion for final approval.

7

13.   The proposed order shall provide that the notice shall be accompanied by an exclusion (or "election not to participate") form that the class members may use.

14.   The proposed order shall state the name of any settlement administrator, and shall describe the nature of the services that the administrator will be required to perform, either directly or by reference to the settlement agreement.

15.   The proposed order shall not require an objecting party to do either of the following:

    a.   To appear, either personally or through counsel, at the hearing on the motion for final approval for that party's objection to be considered.

    b.   To file or serve a notice of intention to appear at the hearing on the motion for final approval.

16.   If the proposed order includes a provision enjoining the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period, the motion shall include citations to authority for the issuance of such an injunction without notice to or opportunity to be heard by the individuals to be enjoined.

17.   If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

    a.   That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

    b.   That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

Notice

18.   Unless the notice describes the approximate recovery by the individual class member to whom the notice is sent, the notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

19.   To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice should clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

20.   The notice shall advise the class members of where they can find the settlement agreement, by describing (a) the full title and filing date of the declaration or other document to which it is attached when filed with the Court, (b) the address of the courthouse to which the case is assigned, and (c) the address of the court's website at which the case file can be viewed on-line.

Claim Form

8

21.   The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to process the claim.

Objection Form

22.   The proposed order shall include an objection form. Because the objection form will be filed with the Court, it shall comply with California Rules of Court, rule 2.111.

23.   The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (a) identify the objector as a person entitled to object to the settlement and (b) to describe the nature of the objection.

24.   If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

Revised Documents

25.   If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order, or other document in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.


H.   MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT

If the matter is settled and a motion for final approval of the settlement is filed:

1.   The order granting preliminary approval will set the date for the hearing on the plaintiff's motion for final approval. Promptly after the entry of that order, the plaintiff shall reserve a law and motion hearing on the date set in the order.

2.   Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant (a) describes the services performed by the declarant to further the prosecution of the action, (b) estimates the time incurred by the declarant in performing those services, (c) describes any risks undertaken by the declarant in prosecuting the action, (d) describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action, and (e) describes any benefits received by the declarant as a result of prosecuting the action.

3.   Any request for compensation for the services of any claims administrator shall be supported by a declaration from the claims administrator describing (a) the services performed, (b) the time incurred to perform those services, and (c) either the hourly rate charged for those services or the agreed-upon flat fee.

4.   Any request for compensation for attorney's fees shall be supported by a declaration that:

a.  Authenticates copies of the time records maintained by the plaintiff's attorneys for the services performed in this case. If no time records were maintained, then the declaration shall state that fact, and shall (i) describe in detail the nature of the legal services provided, (ii) estimate the time incurred in performing those services, and (iii) describe the basis for that estimate.

b.  Describes both (i) the hourly rate or rates customarily charged by each attorney for that attorney's time during the period in which those services were performed, and (ii) the attorney's experience and expertise that justify such a rate.

5.  Any request for compensation for expenses incurred by the plaintiff's attorneys shall be supported by a detailed declaration or other evidence describing the date, nature, and amount of each expense incurred.

6.  The order granting the motion for final approval shall set a deadline for the filing of a report concerning the amount of money distributed. (Code Civ. Proc., § 384, subd. (b).)

7.  Because it would potentially expose the class members to a contempt charge, the judgment shall not enjoin the class members from prosecuting the released claims.

8.  Neither the proposed order nor the proposed judgment shall provide for the dismissal of the action. (Cal. Rules of Court, rule 3.769(h).)

9.  Any report pursuant to Code of Civil Procedure section 384, subdivision (b), shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts, and shall be accompanied by a proposed amended judgment.

10.  If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall submit directly to the clerk of this department a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.


I.  <u>Other</u>

___  The Case Management Conference currently scheduled for ___, 2016, is advanced to ___, 2016, at 10:00 A.M.

___  The status conference currently set for ___, 2016, is vacated.


Craig G. Riemer, Judge of the Superior Court


10