1

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
 Norman B. Blumenthal (State Bar #068687)
2    Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
La Jolla, CA 92037
4  Telephone: (858)551-1223
Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6

7  Attorneys for Plaintiffs

8

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 MICHELLE BENDON, ROGER BERTRAND, CYNTHIA ELDER, BRYCE EVANS, DAVID PAQUETTE, and EDWIN HERRERA, individuals on behalf of themselves and on behalf of all persons similarly situated, | Case No. 5:16-cv-00861-FMO-AGR <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br><br> 2.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br><br> 3.  FAILURE TO TIMELY PAY WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203; and, <br><br> 4.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]. <br><br> **DEMAND FOR A JURY TRIAL** |
|    Plaintiffs, | |
| vs. | |
| DTG OPERATIONS, INC., a Corporation; and Does 1 through 50, Inclusive, | |
|    Defendants. | |

28                          1

1   Plaintiffs Michelle Bendon, Roger Bertrand, Cynthia Elder, Bryce Evans, David
2   Paquette, and Edwin Herrera ("PLAINTIFFS"), individuals on behalf of themselves and all
3   other similarly situated current and former employees, allege on information and belief, except
4   for their own acts and knowledge which are based on personal knowledge, the following:

5
6                                    **THE PARTIES**
7       1.      Defendant DTG Operations, Inc. ("DTG" or "DEFENDANT") at all relevant
8   times mentioned herein conducted and continues to conduct substantial and regular business
9   throughout the State of California.

10      2.      DTG Operations, Inc. owns and operates car rental stores. It offers reservation,
11  sales and marketing services. The company operates its stores under the brand name Dollar and
12  Thrifty. DTG Operations, Inc. was formerly known as Dollar Rent A Car Systems, Inc. The
13  company was incorporated in 1965.  DTG Operations, Inc. operates as a subsidiary of Dollar
14  Thrifty Automotive Group Inc.  DTG employed non-exempt employees in the job position of
15  Rental Sales Associate ("RSA") and/or Customer Service Representative ("CSR") in California.

16      3.      Plaintiff Michelle Bendon was employed by DTG in California from October of
17  2014 to February of 2015 and was at all times during her employment with DTG classified as
18  a non-exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
19  periods.

20      4.      Plaintiff Roger Bertrand was employed by DTG in California from October of
21  2014 to April of 2015 and was at all times during his employment with DTG classified as a non-
22  exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
23  periods.

24      5.      Plaintiff Cynthia Elder was employed by DTG in California from April of 2012
25  to January of 2015 and was at all times during her employment with DTG classified as a non-
26  exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
27  periods.

28      6.      Plaintiff Bryce Evans was employed by DTG in California from June of 2013 to

2

1  December of 2014 and was at all times during his employment with DTG classified as a non-
2  exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
3  periods.

4        7.    Plaintiff David Paquette was employed by DTG in California from February of
5  2015 to May of 2015 and was at all times during his employment with DTG classified as a non-
6  exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
7  periods.

8        8.    Plaintiff Edwin Herrera was employed by DTG in California from January of
9  2015 to June of 2015 and was at all times during his employment with DTG classified as a non-
10  exempt RSA and/or CSA employee paid on an hourly basis and entitled to meal and rest
11  periods.

12        9.    PLAINTIFFS bring this Class Action on behalf of themselves and a California
13  class, defined as all individuals who are or previously were employed by DEFENDANT in
14  California classified as non-exempt RSA and/or CSA employees paid on an hourly basis (the
15  "CALIFORNIA CLASS") at any time between February 17, 2012 and March 1, 2017 (the
16  "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of
17  CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18        10.    PLAINTIFFS bring this Class Action on behalf of themselves and a
19  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses
20  incurred during the CALIFORNIA CLASS PERIOD caused by DTG's uniform policy and
21  practice which failed to lawfully compensate these employees for all their missed meal and rest
22  periods.  DTG's uniform policy and practice alleged herein is an unlawful, unfair and deceptive
23  business practice whereby retained and continues to retain wages due PLAINTIFFS and the
24  other members of the CALIFORNIA CLASS.  PLAINTIFFS and the other members of the
25  CALIFORNIA CLASS seek an injunction enjoining such conduct by DTG in the future, relief
26  for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have
27  been economically injured by DTG's past and current unlawful conduct, and all other
28  appropriate legal and equitable relief.

11.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

12.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

### **THE CONDUCT**

13.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to the PLAINTIFFS and the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than

SECOND AMENDED CLASS ACTION COMPLAINT                Case No. 5:16-cv-00861

1    five (5) hours during a shift without receiving a meal break as evidenced by daily time reports

2    for these employees. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore

3    forfeited meal and rest breaks without additional compensation and in accordance with

4    DEFENDANT's strict corporate policy and practice.

5         14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other

6    CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without

7    being provided ten (10) minute rest periods.  Further, these employees were denied their first

8    rest periods of at least ten (10) minutes for every shift worked of at least two (2) to four (4)

9    hours, a first and second rest period of at least ten (10) minutes for every shift worked of

10   between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10)

11   minutes for every shift worked of ten (10) hours or more.   PLAINTIFFS and other

12   CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.

13   As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS

14   Members were systemically denied their proper rest periods by DEFENDANT and

15   DEFENDANT's managers.

16        15.    When DEFENDANT did not accurately record PLAINTIFFS' and other

17   CALIFORNIA CLASS Members' missed meal and rest breaks, the wage statements issued to

18   PLAINTIFFS and other CALIFORNIA CLASS Members by DEFENDANT violated California

19   law, and in particular, Labor Code Section 226(a).

20        16.    In violation of the applicable sections of the California Labor Code and the

21   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

22   a matter of company policy, practice and procedure, intentionally, knowingly and systematically

23   failed to compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS for

24   missed meal and rest periods.  This uniform policy and practice of DEFENDANT is intended

25   to purposefully avoid the payment for all time worked as required by California law which

26   allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who

27   complied with the law.  To the extent equitable tolling operates to toll claims by the

28   CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be

1   adjusted accordingly.

2       17.    By reason of this uniform conduct applicable to PLAINTIFFS and all

3   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

4   violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

5   (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

6   calculate and record all missed meal and rest periods by the PLAINTIFFS and other

7   CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and

8   rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard

9   of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

10  required compensation for work performed by the members of the CALIFORNIA CLASS and

11  violated the California Labor Code and regulations promulgated thereunder as herein alleged.

12      18.    Specifically as to Plaintiff Bendon, DEFENDANT failed to provide all the legally

13  required off-duty meal and rest breaks to her as required by the applicable Wage Order and

14  Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest

15  breaks in accordance with California law to Plaintiff Bendon and also failed to compensate

16  Plaintiff Bendon for her missed meal and rest breaks. The nature of the work performed by

17  Plaintiff Bendon did not prevent her from being relieved of all of her duties for the legally

18  required off-duty meal periods.  Plaintiff Bendon was required to perform work as ordered by

19  DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

20  evidenced by DEFENDANT's business records.   To date, DEFENDANT has yet to pay

21  Plaintiff Bendon all of her wages due to her for missed meal and rest breaks and DEFENDANT

22  has failed to pay any penalty wages owed to her under California Labor Code Section 203. The

23  amount in controversy for Plaintiff Bendon individually does not exceed the sum or value of

24  $75,000.

25      19.    Specifically as to Plaintiff Bertrand, DEFENDANT failed to provide all the

26  legally required off-duty meal and rest breaks to him as required by the applicable Wage Order

27  and Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest

28  breaks in accordance with California law to Plaintiff Bertrand and also failed to compensate

1    Plaintiff Bertrand for his missed meal and rest breaks. The nature of the work performed by

2    Plaintiff Bertrand did not prevent him from being relieved of all of his duties for the legally

3    required off-duty meal periods. Plaintiff Bertrand was required to perform work as ordered by

4    DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

5    evidenced by DEFENDANT's business records.  As a result of DEFENDANT not accurately

6    recording all missed meal and rest periods, the wage statements issued to Plaintiff Bertrand by

7    DEFENDANT violated California law, and in particular, Labor Code Section 226(a).  To date,

8    DEFENDANT has yet to pay Plaintiff Bertrand all of his wages due to him for missed meal and

9    rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under

10   California Labor Code Section 203.   The amount in controversy for Plaintiff Bertrand

11   individually does not exceed the sum or value of $75,000.

12        20.    Specifically as to Plaintiff Elder, DEFENDANT failed to provide all the legally

13   required off-duty meal and rest breaks to her as required by the applicable Wage Order and

14   Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest

15   breaks in accordance with California law to Plaintiff Elder and also failed to compensate

16   Plaintiff Elder for her missed meal and rest breaks. The nature of the work performed by

17   Plaintiff Elder did not prevent her from being relieved of all of her duties for the legally

18   required off-duty meal periods.  Plaintiff Elder was required to perform work as ordered by

19   DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

20   evidenced by DEFENDANT's business records.   To date, DEFENDANT has yet to pay

21   Plaintiff Elder all of her wages due to her for missed meal and rest breaks and DEFENDANT

22   has failed to pay any penalty wages owed to her under California Labor Code Section 203.  The

23   amount in controversy for Plaintiff Elder individually does not exceed the sum or value of

24   $75,000.

25        21.    Specifically as to Plaintiff Evans, DEFENDANT failed to provide all the legally

26   required off-duty meal and rest breaks to him as required by the applicable Wage Order and

27   Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest

28   breaks in accordance with California law to Plaintiff Evans and also failed to compensate

1    Plaintiff Evans for his missed meal and rest breaks. The nature of the work performed by
2    Plaintiff Evans did not prevent him from being relieved of all of his duties for the legally
3    required off-duty meal periods.  Plaintiff Evans was required to perform work as ordered by
4    DEFENDANT for more than five (5) hours during a shift without receiving a meal break as
5    evidenced by DEFENDANT's business records.  To date, DEFENDANT has yet to pay
6    Plaintiff Evans all of his wages due to him for missed meal and rest breaks and DEFENDANT
7    has failed to pay any penalty wages owed to him under California Labor Code Section 203.  The
8    amount in controversy for Plaintiff Evans individually does not exceed the sum or value of
9    $75,000.

10       22.     Specifically as to Plaintiff Paquette, DEFENDANT failed to provide all the
11   legally required off-duty meal and rest breaks to him as required by the applicable Wage Order
12   and Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest
13   breaks in accordance with California law to Plaintiff Paquette and also failed to compensate
14   Plaintiff Paquette for his missed meal and rest breaks. The nature of the work performed by
15   Plaintiff Paquette did not prevent him from being relieved of all of his duties for the legally
16   required off-duty meal periods.  Plaintiff Paquette was required to perform work as ordered by
17   DEFENDANT for more than five (5) hours during a shift without receiving a meal break as
18   evidenced by DEFENDANT's business records.  As a result of DEFENDANT not accurately
19   recording all missed meal and rest periods, the wage statements issued to Plaintiff Paquette by
20   DEFENDANT violated California law, and in particular, Labor Code Section 226(a).  To date,
21   DEFENDANT has yet to pay Plaintiff Paquette all of his wages due to him for missed meal and
22   rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under
23   California Labor Code Section 203.  The amount in controversy for Plaintiff Paquette
24   individually does not exceed the sum or value of $75,000.

25       23.     Specifically as to Plaintiff Herrera, DEFENDANT failed to provide all the legally
26   required off-duty meal and rest breaks to him as required by the applicable Wage Order and
27   Labor Code.  DEFENDANT did not have a policy or practice which provided meal and rest
28   breaks in accordance with California law to Plaintiff Herrera and also failed to compensate

1    Plaintiff Herrera for his missed meal and rest breaks. The nature of the work performed by

2    Plaintiff Herrera did not prevent him from being relieved of all of his duties for the legally

3    required off-duty meal periods.  Plaintiff Herrera was required to perform work as ordered by

4    DEFENDANT for more than five (5) hours during a shift without receiving a meal break as

5    evidenced by DEFENDANT's business records.  As a result of DEFENDANT not accurately

6    recording all missed meal and rest periods, the wage statements issued to Plaintiff Herrera by

7    DEFENDANT violated California law, and in particular, Labor Code Section 226(a).  To date,

8    DEFENDANT has yet to pay Plaintiff Herrera all of his wages due to him for missed meal and

9    rest breaks and DEFENDANT has failed to pay any penalty wages owed to him under

10   California Labor Code Section 203.   The amount in controversy for Plaintiff Herrera

11   individually does not exceed the sum or value of $75,000.

12

13                               **JURISDICTION AND VENUE**

14        24.    This Court has jurisdiction over this Action pursuant to the Notice of Removal

15   filed by Defendant.  This action is brought as a Class Action on behalf of PLAINTIFFS and

16   similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. P. 23.

17        25.    Venue is proper in this Court because PLAINTIFFS worked in Riverside County

18   for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times

19   maintained offices and facilities in this County and/or conducts substantial business in this

20   County, and (ii) committed the wrongful conduct herein alleged in this County against members

21   of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

22

23                                **THE CALIFORNIA CLASS**

24        26.    PLAINTIFFS brings the First Cause of Action for Unfair, Unlawful and

25   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL")

26   as a Class Action, pursuant to  Fed. R. Civ. P. 23, on behalf of a California class, defined as all

27   individuals who are or previously were employed by DEFENDANT in California classified as

28   non-exempt RSA and/or CSA employees paid on an hourly basis (the "CALIFORNIA

                                                   9

CLASS") at any time between February 17, 2012 and March 1, 2017 (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

27. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

28. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly record missed meal and rest breaks by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

29. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid the correct wages for all time worked. The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid for all missed meal and rest breaks, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

30. At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all missed meal breaks, as required by California Labor Code.

31. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32. DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

10

1    California law by:

2         (a)    Committing an act of unfair competition in violation of the California

3                Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

4                failing to provide the PLAINTIFFS and the other members of the

5                CALIFORNIA CLASS with all legally required uninterrupted meal breaks

6                and rest breaks.

7    33.    This Class Action meets the statutory prerequisites for the maintenance of a

8    Class Action as set forth in Fed. R. Civ. P. 23, in that:

9         (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

10               that the joinder of all such persons is impracticable and the disposition of

11               their claims as a class will benefit the parties and the Court;

12        (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

13               that are raised in this Complaint are common to the CALIFORNIA

14               CLASS will apply uniformly to every member of the CALIFORNIA

15               CLASS;

16        (c)    The claims of the representative PLAINTIFFS are typical of the claims of

17               each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all the

18               other members of the CALIFORNIA CLASS, were non-exempt

19               employees paid on an hourly basis who were subjected to the

20               DEFENDANT's deceptive practice and policy which failed to provide the

21               legally required meal and rest periods to the CALIFORNIA CLASS and

22               thereby systematically underpaid compensation to PLAINTIFFS and

23               CALIFORNIA CLASS.  PLAINTIFFS sustained economic injury as a

24               result of DEFENDANT's employment practices.  PLAINTIFFS and the

25               members of the CALIFORNIA CLASS were and are similarly or

26               identically harmed by the same unlawful, deceptive, unfair and pervasive

27               pattern of misconduct engaged in by DEFENDANT; and,

28        (d)    The representative PLAINTIFFS will fairly and adequately represent and

1      protect the interest of the CALIFORNIA CLASS, and has retained

2      counsel who are competent and experienced in Class Action litigation.

3      There are no material conflicts between the claims of the representative

4      PLAINTIFFS and the members of the CALIFORNIA CLASS that would

5      make class certification inappropriate.  Counsel for the CALIFORNIA

6      CLASS will vigorously assert the claims of all CALIFORNIA CLASS

7      Members.

8      34.    In addition to meeting the statutory prerequisites to a Class Action, this action

9 is properly maintained as a Class Action pursuant to  Fed. R. Civ. P. 23, in that:

10      (a)    Without class certification and determination of declaratory, injunctive,

11      statutory and other legal questions within the class format, prosecution of

12      separate actions by individual members of the CALIFORNIA CLASS will

13      create the risk of:

14      1)    Inconsistent or varying adjudications with respect to individual

15      members of the CALIFORNIA CLASS which would establish

16      incompatible standards of conduct for the parties opposing the

17      CALIFORNIA CLASS; and/or,

18      2)    Adjudication with respect to individual members of the

19      CALIFORNIA CLASS which would as a practical matter be

20      dispositive of interests of the other members not party to the

21      adjudication or substantially impair or impede their ability to

22      protect their interests.

23      (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

24      act on grounds generally applicable to the CALIFORNIA CLASS, making

25      appropriate class-wide relief with respect to the CALIFORNIA CLASS

26      as a whole in that DEFENDANT uniformly failed to pay all wages due to

27      members of the CALIFORNIA CLASS as required by law;

28      1)    With respect to the First Cause of Action, the final relief on behalf

12

---

SECOND AMENDED CLASS ACTION COMPLAINT

of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be

13

dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to  Fed. R. Civ. P. 23.

35.   This Court should permit this action to be maintained as a Class Action pursuant to  Fed. R. Civ. P. 23 because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

1          (c)    The members of the CALIFORNIA CLASS are so numerous that it is

2                 impractical to bring all members of the CALIFORNIA CLASS before the

3                 Court;

4          (d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be

5                 able to obtain effective and economic legal redress unless the action is

6                 maintained as a Class Action;

7          (e)    There is a community of interest in obtaining appropriate legal and

8                 equitable relief for the acts of unfair competition, statutory violations and

9                 other improprieties, and in obtaining adequate compensation for the

10               damages and injuries which DEFENDANT's actions have inflicted upon

11               the CALIFORNIA CLASS;

12         (f)    There is a community of interest in ensuring that the combined assets of

13               DEFENDANT are sufficient to adequately compensate the members of

14               the CALIFORNIA CLASS for the injuries sustained;

15         (g)    DEFENDANT has acted or refused to act on grounds generally applicable

16               to the CALIFORNIA CLASS, thereby making final class-wide relief

17               appropriate with respect to the CALIFORNIA CLASS as a whole;

18         (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

19               the business records of DEFENDANT.  The CALIFORNIA CLASS

20               consists of all individuals who are or previously were employed by

21               DEFENDANT in California classified as non-exempt employees paid on

22               an hourly basis at any time during the CALIFORNIA CLASS PERIOD;

23               and,

24         (i)    Class treatment provides manageable judicial treatment calculated to bring

25               a efficient and rapid conclusion to all litigation of all wage and hour

26               related claims arising out of the conduct of DEFENDANT as to the

27               members of the CALIFORNIA CLASS.

28     36.    DEFENDANT maintains records from which the Court can ascertain and

15

1   identify by job title each of DEFENDANT's employees who as have been systematically,

2   intentionally and uniformly subjected to DEFENDANT's company policy, practices and

3   procedures as herein alleged.  PLAINTIFFS will seek leave to amend the Complaint to include

4   any additional job titles of similarly situated employees when they have been identified.

5

6                    **THE CALIFORNIA LABOR SUB-CLASS**

7        37.     PLAINTIFFS further bring the Second and Third Causes of Action on behalf of

8   a California sub-class, defined as all members of the CALIFORNIA CLASS who are or

9   previously were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-

10  CLASS") at any time between February 17, 2013 and March 1, 2017(the "CALIFORNIA

11  LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. P. 23.  The amount in controversy

12  for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million

13  dollars ($5,000,000.00).

14       38.     DEFENDANT, as a matter of company policy, practice and procedure, and in

15  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

16  requirements, and the applicable provisions of California law, intentionally, knowingly, and

17  wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate

18  compensation for the time worked by PLAINTIFFS and the other members of the

19  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

20  work, required employees to perform this work and permitted or suffered to permit this work.

21  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

22  wages to which these employees are entitled in order to unfairly cheat the competition and

23  unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA

24  LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS

25  PERIOD should be adjusted accordingly.

26       39.     DEFENDANT maintains records from which the Court can ascertain and identify

27  by name and job title, each of DEFENDANT's employees who have been systematically,

28  intentionally and uniformly subjected to DEFENDANT's company policy, practices and

                                          16
                    SECOND AMENDED CLASS ACTION COMPLAINT
                                                        Case No. 5:16-cv-00861

procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)    Whether DEFENDANT's conduct was willful.

42.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee; and,

(b)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to

17

1  tender full payment and/or restitution of wages owed or in the manner

2  required by California law to the members of the CALIFORNIA LABOR

3  SUB-CLASS who have terminated their employment.

4      43.    This Class Action meets the statutory prerequisites for the maintenance of a Class

5  Action as set forth in Fed. R. Civ. P. 23, in that:

6      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

7             so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

8             Members is impracticable and the disposition of their claims as a class

9             will benefit the parties and the Court;

10     (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

11            that are raised in this Complaint are common to the CALIFORNIA

12            LABOR SUB-CLASS and will apply uniformly to every member of the

13            CALIFORNIA LABOR SUB-CLASS;

14     (c)    The claims of the representative PLAINTIFFS are typical of the claims of

15            each member of the CALIFORNIA LABOR SUB-CLASS.

16            PLAINTIFFS, like all the other members of the CALIFORNIA LABOR

17            SUB-CLASS, were non-exempt employees paid on an hourly basis who

18            was subjected to the DEFENDANT's practice and policy which failed to

19            pay the correct amount of wages due to the CALIFORNIA LABOR SUB-

20            CLASS for all time worked. PLAINTIFFS sustained economic injury as

21            a result of DEFENDANT's employment practices. PLAINTIFFS and the

22            members of the CALIFORNIA LABOR SUB-CLASS were and are

23            similarly or identically harmed by the same unlawful, deceptive, unfair

24            and pervasive pattern of misconduct engaged in by DEFENDANT; and,

25     (d)    The representative PLAINTIFFS will fairly and adequately represent and

26            protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

27            retained counsel who are competent and experienced in Class Action

28            litigation. There are no material conflicts between the claims of the

18

representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

44.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to  Fed. R. Civ. P. 23, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

19

violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

20

1                                 Action is the only means to assert their claims through a

2                                 representative; and,

3                  4)      A class action is superior to other available methods for the fair

4                        and efficient adjudication of this litigation because class treatment

5                        will obviate the need for unduly and unnecessary duplicative

6                        litigation that is likely to result in the absence of certification of

7                        this action pursuant to  Fed. R. Civ. P. 23.

8      45.     This Court should permit this action to be maintained as a Class Action

9 pursuant to Fed. R. Civ. P. 23 because:

10               (a)     The questions of law and fact common to the CALIFORNIA LABOR

11                   SUB-CLASS predominate over any question affecting only individual

12                   CALIFORNIA LABOR SUB-CLASS Members;

13               (b)     A Class Action is superior to any other available method for the fair and

14                   efficient adjudication of the claims of the members of the CALIFORNIA

15                   LABOR SUB-CLASS because in the context of employment litigation a

16                   substantial number of individual CALIFORNIA LABOR SUB-CLASS

17                   Members will avoid asserting their rights individually out of fear of

18                   retaliation or adverse impact on their employment;

19               (c)     The members of the CALIFORNIA LABOR SUB-CLASS are so

20                   numerous that it is impractical to bring all members of the CALIFORNIA

21                   LABOR SUB-CLASS before the Court;

22               (d)     PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS

23                   Members, will not be able to obtain effective and economic legal redress

24                   unless the action is maintained as a Class Action;

25               (e)     There is a community of interest in obtaining appropriate legal and

26                   equitable relief for the acts of unfair competition, statutory violations and

27                   other improprieties, and in obtaining adequate compensation for the

28                   damages and injuries which DEFENDANT's actions have inflicted upon

SECOND AMENDED CLASS ACTION COMPLAINT

1        the CALIFORNIA LABOR SUB-CLASS;

2    (f)    There is a community of interest in ensuring that the combined assets of

3           DEFENDANT are sufficient to adequately compensate the members of

4           the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

5    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

6           to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

7           wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

8           CLASS as a whole;

9    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

10          ascertainable from the business records of DEFENDANT.   The

11          CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

12          CLASS Members who worked for DEFENDANT in California at any

13          time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

14    (i)    Class treatment provides manageable judicial treatment calculated to bring

15           a efficient and rapid conclusion to all litigation of all wage and hour

16           related claims arising out of the conduct of DEFENDANT as to the

17           members of the CALIFORNIA LABOR SUB-CLASS.

18

19                      **FIRST CAUSE OF ACTION**

20                    **For Unlawful Business Practices**

21              **[Cal. Bus. And Prof. Code §§  17200, *et seq*.]**

22    **(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

23          46.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and

24    incorporate by this reference, as though fully set forth herein, paragraphs 1 through 45 of this

25    Complaint.

26          47.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

27    Code § 17021.

28          48.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

22

1   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

2   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

3   competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

8   Cal. Bus. & Prof. Code § 17203.

9       49.    By the conduct alleged herein, DEFENDANT has engaged and continues to

10   engage in a business practice which violates California law, including but not limited to, the

11   applicable Industrial Wage Order(s), the California Code of Regulations and the California

12   Labor Code including Sections 204, 216, 225.5, 226.7, 510, 512, 1174, 1175, 1194, 1194.2,

13   1197, 1198, and 1199 for which this Court should issue declaratory and other equitable relief

14   pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the

15   conduct held to constitute unfair competition, including restitution of wages wrongfully

16   withheld.

17       50.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

18   unfair in that these practices violate public policy, were immoral, unethical, oppressive,

19   unscrupulous or substantially injurious to employees, and were without valid justification or

20   utility for which this Court should issue equitable and injunctive relief pursuant to Section

21   17203 of the California Business & Professions Code, including restitution of wages wrongfully

22   withheld.

23       51.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

24   fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally

25   mandated meal and rest periods and the required amount of compensation for missed meal and

26   rest periods due to a systematic business practice that cannot be justified, pursuant to the

27   applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

28   Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable

1   relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully

2   withheld.

3       52.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and

5   the other members of the CALIFORNIA CLASS to be underpaid during their employment with

6   DEFENDANT.

7       53.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,

8   unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

9   to provide all legally required meal breaks to PLAINTIFFS and the other members of the

10  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

11      54.     Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of

12  each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-

13  duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour

14  of pay for each workday in which a second off-duty meal period was not timely provided for

15  each ten (10) hours of work.

16      55.     PLAINTIFFS further demand on behalf of themselves and each member of the

17  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest

18  period was timely provided as required by law.

19      56.     By and through the unlawful and unfair business practices described herein,

20  DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

21  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

22  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

23  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

24  to unfairly compete against competitors who comply with the law.

25      57.     All the acts described herein as violations of, among other things, the Industrial

26  Welfare Commission Wage Orders, the California Code of Regulations, and the California

27  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

28  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

1   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2   58.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

3   to, and do, seek such relief as may be necessary to restore to them the money and property

4   which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

5   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

6   unfair business practices, including earned but unpaid wages for all time worked.

7   59.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

8   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

9   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

10   engaging in any unlawful and unfair business practices in the future.

11   60.   PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

12   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

13   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

14   As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

15   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

16   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

17   engage in these unlawful and unfair business practices.

18

19   **SECOND CAUSE OF ACTION**

20   **For Failure to Provide Accurate Itemized Statements**

21   **[Cal. Lab. Code § 226]**

22   **(By Plaintiff Bertrand and Plaintiff Evans and the CALIFORNIA LABOR SUB-**

23   **CLASS and Against All Defendants)**

24   61.   Plaintiff Bertrand and Plaintiff Evans, and the other members of the

25   CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though

26   fully set forth herein, paragraphs 1 through 60 of this Complaint.

27   62.   Cal. Labor Code § 226 provides that an employer must furnish employees with

28   an "accurate itemized" statement in writing showing:

25

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.      When DEFENDANT did not accurately record Plaintiff Bertrand's and Plaintiff Evans' and other CALIFORNIA CLASS Members' missed meal and rest breaks, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemizes all missed meal periods incurred by Plaintiff Bertrand and Plaintiff Evans and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby also failed to set forth the correct wages earned by the employees.  DEFENDANT's conduct also violates Labor Code §§ 1174 and 1175 as a result of this failure to properly maintain records and information.

64.      DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to Plaintiff Bertrand and Plaintiff Evans and the other

1  members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not

2  limited to, costs expended calculating the correct wages for all missed meal and rest breaks and

3  the amount of employment taxes which were not properly paid to state and federal tax

4  authorities. These damages are difficult to estimate.  Therefore, Plaintiff Bertrand and Plaintiff

5  Evans and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover

6  liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

7  occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

8  pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in

9  no event more than four thousand dollars ($4,000.00) for Plaintiff Bertrand and Plaintiff Evans

10  and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

11

12  ### THIRD CAUSE OF ACTION

13  **For Failure to Timely Pay Wages When Due**

14  **[ Cal. Lab. Code §§ 201, 202, 203]**

15  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

16  **Defendants)**

17  65.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

18  CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

19  through 64 of this Complaint.

20  66.    Cal. Lab. Code § 200 provides, in relevant part, that:

21  As used in this article:
22  (a) "Wages" includes all amounts for labor performed by employees of every
   description, whether the amount is fixed or ascertained by the standard of
   time, task, piece, Commission basis, or other method of calculation.
23  (b) "Labor" includes labor, work, or service whether rendered or performed
   under contract, subcontract, partnership, station plan, or other agreement if
24  the labor to be paid for is performed personally by the person demanding
   payment.

25  67.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges

26  an employee, the wages earned and unpaid at the time of discharge are due and payable

27  immediately."

28

68.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

69.     There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

70.     Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

71.     The employment of PLAINTIFFS' and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not timely tendered payment of all wages owed as required by law.  DEFENDANT's conduct in failing to timely pay wages as required by law violates Cal. Labor Code §§ 201, 202, 203, 204, 216 and 225.5.

72.     Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have missed meal and rest breaks without being paid the legally required penalties by DEFENDANT, PLAINTIFFS demand up to thirty days of pay as penalty for not timely paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed by law.

# FOURTH CAUSE OF ACTION

## For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, *et seq.*]

28

**(By PLAINTIFFS  Bertrand,  Paquette and Herrera  and Against All Defendants)**

73.     Plaintiffs Bertrand, Paquette and Herrera incorporate by reference the allegations set forth in paragraphs 1-72, supra, as though fully set forth at this point.

74.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

75.     Plaintiffs Bertrand, Paquette and Herrera bring this Representative Action on behalf of the State of California with respect to themselves and  all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt RSA and/or CSA employees paid on an hourly basis during the time period of February 17, 2015 until the present (the "AGGRIEVED EMPLOYEES").

76.     On February 26, 2016 , Plaintiffs Bertrand, Paquette and Herrera  gave written notice by certified mail to the Labor and  Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory waiting period for Plaintiffs Bertrand, Paquette and Herrera  to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, Plaintiffs Bertrand, Paquette and Herrera may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

77.     The policies, acts and practices heretofore described were and are an unlawful

SECOND AMENDED CLASS ACTION COMPLAINT                Case No. 5:16-cv-00861

1  business act or practice because Defendant (a) failed to properly record and pay Plaintiffs

2  Bertrand, Paquette and Herrera and the other AGGRIEVED EMPLOYEES for all of the hours

3  they worked, including overtime hours in violation of the Wage Order, (b) failed to provide

4  accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the

5  applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor

6  Code §§ 201, 202, 203, 204, 216, 225.5 226(a), 226.7, 256, 510, 512, 1174, 1175, 1194, 1194.2,

7  1197, 1198, 1199 and the applicable Industrial Wage Order(s), and thereby gives rise to

8  statutory penalties as a result of such conduct.  Plaintiffs Bertrand, Paquette and Herrera hereby

9  seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act

10  of 2004 as the representative of the State of California for the illegal conduct perpetrated on

11  Plaintiffs Bertrand, Paquette and Herrera and the other AGGRIEVED EMPLOYEES.

12

13                              **PRAYER FOR RELIEF**

14          WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

15  severally, as follows:

16  1.      On behalf of the CALIFORNIA CLASS:

17          A)      That the Court certify the First Cause of Action asserted by the CALIFORNIA

18                  CLASS as a class action pursuant to  Fed. R. Civ. P. 23;

19          B)      An order temporarily, preliminarily and permanently enjoining and restraining

20                  DEFENDANT from engaging in similar unlawful conduct as set forth herein;

21          C)      An order requiring DEFENDANT to pay all wages and all sums unlawfuly

22                  withheld from compensation due to PLAINTIFFS and the other members of the

23                  CALIFORNIA CLASS; and,

24          D)      Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

25                  for restitution of the sums incidental to DEFENDANT's violations due to

26                  PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

27  2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

28          A)      That the Court certify the Second and Third Causes of Action asserted by the

                                           30

1   CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ.

2   P. 23;

3   B)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

4   in which a violation occurs and one hundred dollars ($100) per each member of

5   the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

6   period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

7   an award of costs for violation of Cal. Lab. Code § 226; and,

8   C)   The wages of all terminated employees in the CALIFORNIA LABOR

9   SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

10   until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

11   3.   On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

12   A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

13   General Act of 2004

14   4.   On all claims:

15   A)   An award of interest, including prejudgment interest at the legal rate;

16   B)   Such other and further relief as the Court deems just and equitable; and,

17   C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the

18   law, including, but not limited to, pursuant to Labor Code §218.5 and/or §226.

19
     Dated:   June __11__, 2017                BLUMENTHAL, NORDREHAUG &BHOWMIK
20

21
                                        By:   ___/s/ Norman B. Blumenthal_____
22                                            Norman B. Blumenthal
                                              Attorneys for Plaintiffs
23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

Case No. 5:16-cv-00861

1

2

## **DEMAND FOR A JURY TRIAL**

3

PLAINTIFFS demand a jury trial on issues triable to a jury.

4

5

Dated:   June __11__, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK

6

7

By:___*/s/ Norman B. Blumenthal*_____
          Norman B. Blumenthal

8

          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

K:\D\Dropbox\Pending Litigation\DTG Operations - Bendon\p-SAC-FINAL.wpd

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

SECOND AMENDED CLASS ACTION COMPLAINT

**BLUMENTHAL, NORDREHAUG & BHOWMIK**

FACSIMILE
(858) 551-1232

2255 CALLE CLARA
LA JOLLA,  CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONE
(858) 551-1223

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

February 26, 2016
CA1112

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
Certified Mail # 70142120000378195109
800 Capitol Mall, Suite 5000 MIC-55
Sacramento, CA 95814

DTG Operations, Inc.
Certified Mail # 70142120000378195116
CT Corporation System
818 West Seventh Street Suite 930
Los Angeles, CA 90017

Re:   Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 512, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Roger Bertrand, David Paquette and Edwin Herrera ("Plaintiffs"), and other aggrieved employees in a lawsuit against DTG Operations, Inc. ("Defendant").  Plaintiff Bertrand was employed by Defendant in California from October of 2014 through April of 2015 and was at all times relevant during his employment classified as a non-exempt employee paid on an hourly basis and entitled to legally required meal and rest breaks.   Plaintiff Paquette was employed by Defendant in California from February of 2015 through May of 2015 and was at all times relevant during his employment classified as a non-exempt employee paid on an hourly basis and entitled to legally required meal and rest breaks.   Plaintiff Herrera was employed by Defendant in California from January of 2015 through June of 2015 and was at all times relevant during his employment classified as a non-exempt employee paid on an hourly basis and entitled to legally required meal and rest breaks.  Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of their missed meal and rest breaks.  As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code section 226(a).  Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 512, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is

attached hereto.  This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein.  If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint filed in the Riverside County Superior Court, Case No. RIC1601865, against Defendant as authorized by California Labor Code section 2695, *et seq*.  The pending lawsuit consists of other aggrieved employees.  As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\DTG Operations - Bendon\l-paga-01.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X EMPLOYMENT DEVELOPMENT DEPARTMENT ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) 800 Capitol Mall C. Date of Delivery<br>Sacramento, CA 2-29<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>LMDA<br>800 Capbl Mall, Suir 5000<br>HIC-55<br>Sacramento, cn 95614<br><br>CA1112 | 3. Service Type<br>☐ Certified Mail® ☐ Priority Mail Express™<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from serv) 7014 2120 0003 7819 5109 | |
| PS Form 3811, July 2013 | Domestic Return Receipt |

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

DTG Operations, Inc.
CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

CA1112

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☑ Return Receipt for Merchandise
   ☐ Insured Mail           ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number       7014 2120 0003 7819 5116
   (Transfer from se

PS Form 3811, July 2013        Domestic Return Receipt